IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-HC-2050-FL

| | |
|---|---|
| RAY CHARLES STRICKLAND, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>PAT MCCRORY and )<br>BRYAN WELLS, )<br>)<br>Respondents. ) | ORDER |

Petitioner, a state inmate, petitions this court for a writ of habeas corpus *pro se* pursuant to 28 U.S.C. § 2254. The matter comes before the court on respondent's motion for summary judgment (DE12) pursuant to Federal Rule of Civil Procedure 56(a). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion.

**STATEMENT OF CASE**

On July 18, 1990, petitioner, in the Richmond County Superior Court, pleaded guilty to first-degree murder and was sentenced to life imprisonment. (Resp't's Appx. Ex. 1). Petitioner did not appeal his conviction or sentence. In March 2016, petitioner filed *pro se* petitions for a writ of mandamus in the North Carolina Supreme Court and the North Carolina Court of Appeals. (Id. Exs. 2, 4). The court of appeals denied petitioner's petition on March 31, 2016, and the supreme court denied his petition on April 13, 2016. (Id. Exs. 3, 5).

In the interim, petitioner filed the instant § 2254 petition on March 16, 2016. On March 17, 2016, United States Magistrate Judge Robert B. Jones, Jr. entered a notice of deficiency informing petitioner that he failed to file his petition on the proper form. Petitioner then corrected the noted deficiency by filing his § 2254 petition on the proper form. Petitioner's sole ground for relief in his petition is that his sentence violates the Cruel and Unusual Punishment Clause of the Eighth Amendment to the United States Constitution because he was "sentenced to life instead of 80 years and does not receive sentence reductions from good-time, gained-time, merit-time and jail-credit on record-pursuant to N.C. Fair-Sentencing Act, after having served over 27-years and accumulated over 25,550 days of good-time and over 1000-day gained-time and over 1000-days merit, plus 2-years in jail." (Pet. (DE 5), ¶ 12). As relief, petitioner requests that the court "terminate [his] life sentence or order M.A.P.P. Contract or order parole." (Id. ¶ 18).

Respondent subsequently filed a motion for summary judgment, arguing that petitioner's claims are without merit. Petitioner responded to respondent's motion, and raised a new claim challenging his conviction for first-degree murder.

## DISCUSSION

A.  Motion for Summary Judgment

   1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the

nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

    2.    Analysis

        a.    Challenge to Life Sentence

In his petition, petitioner contends that his life sentence constitutes cruel and unusual punishment because his sentence reduction credits for good-time, merit-time, and jail-time do not serve to reduce the length of his sentence. In North Carolina, a sentence of life imprisonment means life, and is not reduced in length by earning sentence reduction credits.[1] See Waddell v. N.C. Depart. of Corr., 680 F.3d 384, 396 (4th Cir. 2012). Therefore, a favorable decision on petitioner's claim would require the retroactive application of a rule that is not clearly established. The United States Supreme Court's ruling in Teague v. Lane, 489 U.S. 288, 316 (1989), bars the creation of new constitutional rules that must be applied retroactively. Additionally, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67–68 (1991). Based upon the foregoing, respondent's motion for summary judgment is GRANTED as to this claim.[2]

---

[1] The court notes that North Carolina courts have interpreted former N.C. Gen. Stat. § 14-2 (1974) to provide that a sentence of life imprisonment shall be considered a sentence of imprisonment for a term of 80 years in the state's prison only for defendants convicted of crimes in North Carolina occurring between 8 April 1974 and 30 June 1978, and who were sentenced to life imprisonment. Jones v. Keller, 364 N.C. 249, 252, 698 S.E.2d 49, 53 (2010) (internal quotation omitted). Plaintiff was sentenced to a term of life imprisonment on June 18, 1990–well after the time period for which the State of North Carolina equated life imprisonment to a term of 80 years.

[2] The court notes that this claim alternatively is dismissed as time-barred pursuant to the analysis set forth below.

b. Challenge to First Degree Murder Conviction

In response to respondent's motion for summary judgment, petitioner asserts that he should have been convicted of second-degree murder, instead of first-degree murder, because the prosecutor failed to produce evidence that petitioner acted with premeditation. The court first examines whether this claim is time-barred.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed . . .; C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

If a prisoner's conviction became final prior to the effective date of AEDPA, the one-year statute of limitations runs from April 24, 1996, AEDPA's effective date. Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998). The running of the limitations period is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).

In the case at hand, petitioner's conviction became final prior to the effective date of AEDPA. Therefore, absent any tolling, the limitation period expires on April 24, 1997. Petitioner

4

did not have any pending claim for post-conviction relief on the date AEDPA was enacted, nor was any such claim pending between April 24, 1996, and April 24, 1997. Thus, because the statutory period was not tolled, petitioner's statute of limitations expired on April 24, 1997. As a result, the instant federal habeas petition, which petitioner filed on March 16, 2016, is out of time.[3]

As a defense to the running of the statute of limitations, petitioner contends that he is entitled to equitable tolling. Even though the purpose of the AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Nonetheless, the Fourth Circuit has noted the rarity in which equitable tolling applies. "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Id. at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id. (citation and quotations omitted).

In this case, petitioner claims he is entitled to equitable tolling because he did not have access to a law library or paralegal to assist with filing his petition. These contentions do not constitute exceptional circumstances for the purposes of equitable tolling. See Unites States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (stating that ignorance of the law is not a basis for equitable

---

[3] Even if petitioner timely filed this claim, it would be barred by his guilty plea. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); Meyer v. Branker, 506 F.3d 358, 367 (4th Cir. 2007) ("[I]t is well known that a defendant's guilty plea itself serves as a 'conviction,' supplying 'both evidence and verdict.") (citing Boykin v. Alabama, 395 U.S. 238, 242, 243 n. 4 (1969)).

tolling); see also, Garvin v. Eagleton, C.A. No. 8:12–1165–JMC, 2013 WL 3821482, at *13 (D.S.C. July 23, 2013) ("Petitioner's allegations regarding lack of resources in the law library do not constitute the type of extraordinary circumstances that justify equitable tolling because alleged inadequacies of prison law libraries do not toll the statute of limitations."), appeal dismissed, 544 F. App'x 236 (4th Cir. 2013); Jenkins v. Johnson, C.A. No. 2:09cv32, 2009 WL 1923938, at *4 (E.D. Va. June 29, 2009) ("[D]elays due to seeking legal advice and related allegations of inadequate prison law libraries have consistently been held not to constitute the 'extraordinary circumstances' to warrant the application of equitable tolling.") (citation omitted). Thus, petitioner is not entitled to equitable tolling on this ground, and the action is time-barred.

B.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE 12) is GRANTED. The certificate of appealability is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 6th day of January, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge

7